IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRY HAYDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-10-646 |
| | § | |
| ALLSTATE TEXAS LLOYDS, PRINCE | § | |
| FULLER AND JACK BUCKLEY, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER DENYING REMAND**

The above reference action seeks recovery of policy proceeds
on claims for damages to Plaintiff and Texas Resident Sherry
Hayden's home caused by Hurricane Ike in September 2008, which were
allegedly denied or underpaid by Defendant Allstate Texas Lloyds
("Allstate")[1] under a home owner's insurance policy following an
improper investigation and valuation by individual Defendants
Prince Fuller and Jack Buckley.  Pending before the Court in the
above referenced action is Plaintiff's motion to remand (instrument
#7) this action to the 11th Judicial District Court of Harris
County, Texas for lack of subject matter (diversity) jurisdiction

---

[1]  Allstate represents that it is "an association of
underwriters whose individual underwriters are all residents and
citizens of the State of Illinois and Virginia."  #1 (Notice of
Removal) at 2.

because the individual Defendants are not fraudulently joined[2] and for a procedural defect in Defendants' failure to obtain consent from properly served Defendant Buckley.

## Plaintiff's Factual Allegations

Plaintiff's Original Petition alleges that on or about September 12, 2008 Hurricane Ike caused severe and extensive damage to Plaintiff's home, located at 13811 Naomi Hollow, Houston Texas 77082, which was insured under a Texas Homeowners' Insurance Policy issued by Allstate.  Plaintiff filed a claim with Allstate for roof damage, water damage, wind damage, contents damage, and structural damage to the insured property.  Allstate assigned Fuller and Buckley to adjust the claim, but Plaintiff asserts that they "under scoped" her claims during their investigation.  Plaintiff complains that Allstate wrongfully denied some of her claims for repair, underpaid others, and continues to delay paying for the damage to her home.  She maintains that Allstate failed to perform its contractual duties to compensate Plaintiff adequately under the policy; specifically Allstate refused to pay the full proceeds of the policy despite her demand and her satisfaction of all conditions precedent, in breach of the insurance contract between

---

[2] It is undisputed that the amount in controversy in this case exceeds $75,000.00.   It is also undisputed that individual Defendants Fuller and Buckley are citizens of Texas and were assigned as adjusters by Allstate for Plaintiff's claims. The only issue here is whether Fuller and Buckley are properly joined in this action.

them.

Against individual Defendants Fuller and Buckley Plaintiff asserts multiple violations of the Texas Insurance Code, Unfair Settlement Practices, under § 541.060(a), made actionable by § 541.151.  She insists they are not improperly joined, but are individually liable for their unfair and deceptive acts even though they were acting on behalf of Allstate, because they are "persons" as defined by § 541.002(2)("an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor.").  *See Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against it under the Texas Insurance Code and subjecting him to individual liability). Plaintiff also asserts these violations of the Texas Insurance Code against Allstate.

Plaintiff specifically charges Allstate, Buckley, and Fuller with the following multiple violations of the Texas Insurance Code, Unfair Settlement Practices, § 541.060(A), made actionable by § 541.151, constituting unfair methods of competition and unfair deceptive acts or practices in the business of insurance:  (1) § 541.060(1) for misrepresenting to Plaintiff material facts relating

to coverage under her policy; (2) § 541.060(2)(A) for failing to attempt in good faith to effect a prompt, fair, and equitable settlement of the claim despite Allstate's reasonably clear liability under the policy; (3) § 541.060(3) for unfair settlement practice in failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy for their offer of a compromise settlement of the claim; (4) § 541.060(4), for unfair settlement practice in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff; and (5) § 541.060(7) for unfair settlement practice in refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Plaintiff also asserts a cause of action for common law fraud against all three Defendants, conclusorily claiming that they made material representations that they knew were false or were made recklessly without knowledge of their truth and with the intent that Plaintiff would rely upon and act upon them and thereby suffer injury.  She also pursues a conspiracy claim against the three Defendants, citing only the elements of the cause of action without any factual support.

Against Allstate only, Plaintiff brings a claim for intentional breach of the insurance contract made between Allstate and Plaintiff in its refusal to pay adequate compensation under the insurance policy, intentional violations of the Texas Insurance

Code, and intentional breach of the common law duty of  good faith
and fair dealing owed to insureds in insurance contracts to
adequately and reasonably investigate and evaluate the insured's
claim when Allstate knew or should have known by the exercise of
reasonable due diligence that its liability was reasonably clear.
Specifically Plaintiff charges Allstate with numerous instances of
noncompliance with the Texas Insurance Code with respect to prompt
payment of claims, actionable under § 542.060:  (1) Allstate failed
to acknowledge receipt of Plaintiff's claim, commence investigation
of the claim, and request from Plaintiff all items, statements, and
forms that it reasonably believed would be required within the
applicable time constraints, in violation of § 542.055; (2)
Allstate failed to notify Plaintiff in writing of its acceptance or
rejection of the claim within the applicable time constraints, in
violation of § 542.056; (3) and Allstate delayed payment of
Plaintiff's claim after receipt of all items, statements and forms
reasonably requested and required longer than the amount of time
allowed, in violation of § 542.058.

The Court observes that all of Plaintiff's allegations are
conclusory recitations of the elements of her causes of action,
without any factual specificity to support the Original Petition's
bare-bones statements.

**Relevant Law**

Under 28 U.S.C. § 1441(a)[3] any state court action over which federal courts would have original jurisdiction may be removed from state to federal court.  *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

The right to remove depends upon the plaintiffs' pleading at the time of the petition for removal.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Any doubts are construed against removal because the removal statute is strictly construed in favor of remand.  *Id.*

Under 28 U.S.C. § 1441(b), when original federal jurisdiction would be based on diversity, as is claimed by Defendants here, a

---

[3] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."   The doctrine of improper joinder, or fraudulent joinder,[4] prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.   *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court.  *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573. The latter is alleged here.  Defendants claiming  improper joinder based on the second type bear a heavy burden of showing there is no possibility of recovery by the plaintiff against the in-state defendants, i.e., in other words that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendants.   *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576.  A "reasonable basis" means more

---

[4] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1141 and 1332.  *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 992 (2005).

than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a "reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). First the court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence. *Georgia Gulf*, 342 Fed. Appx. at 915-16. Discovery should be restricted and the summary inquiry should be limited to identifying "discrete and undisputed facts that would bar a plaintiffs' recovery against an in-state defendant; anything more risks 'moving the court beyond jurisdiction and into the resolution of the merits . . . .'" *Id.* at 916, *quoting Smallwood*, 385 F.3d at 573-74. Furthermore, where the reasons for finding that there is no reasonable basis for recovery against the in-state defendant would also dispose of all claims against the diverse defendants, the

entire case should be remanded because "there is no improper joinder; there is only a lawsuit lacking merit."  *Id.* at 574.

The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand. *Gasch*, 491 F.3d at 281*.  The Fifth Circuit explains, since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'  The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."  *Id.* at 281-82, *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).

Procedural defects may also defeat removal jurisdiction. Title 28 U.S.C. § 1446 governs the procedure for removal of a case from state to federal district court.  Section 1446(a) provides,

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal *together with a copy of all process, pleadings and orders served upon him or them in such action.* [emphasis added by the court.

Section 1446(b) reads,

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceedings is based or within thirty days after the service of summons upon the

> defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"A motion to remand the case on the basis of any defect in removal procedure needs to be made within 30 days after the filing of the notice of removal."   28 U.S.C. § 1447(c).[5]   A defect in the procedure for removal, if timely asserted within 30 days, may be grounds for remand to state court; but if the plaintiff fails to assert a procedural defect in a timely motion to remand, it is waived.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996); *Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 201–02 (N.D. Tex. 1990).   "'[M]ere modal or procedural defects are not jurisdictional.'"   *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 711–12 &n.1 (E.D. Tex. 2007)(concluding that "the omission of a copy of the service of process is merely a procedural error with no impact on jurisdiction" and allowing Defendants to supplement the removal record), *quoting Covington v. Indemnity Ins. Co. of North America*, 251 F.2d at 933.  *See also  Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990)(The failure of all defendants to join in or consent to the removal petition within thirty days of service is not a jurisdictional defect); *Getty Oil Corp. v. Ins. Co. of N.*

---

[5] If the defect in removal is jurisdictional rather than procedural, the court must remand the case to state court and the motion to remand my be brought any time before final judgment.  28 U.S.C. § 1447(c).

*Am.*, 841 F.2d 1254, 1263 (5ᵗʰ Cir. 1988).   Plaintiff's instant motion arguing failure to obtain consent of all Defendants was timely filed here.

Courts have interpreted § 1446(a) to mandate that all then served and properly joined defendants must consent to the removal and join in the removal petition.  *Fontenot v. Global Marine, Inc.*, 703 F.2d 867, 870 n.3 (5ᵗʰ Cir. 1983); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326 (5ᵗʰ Cir. 1970).   In the Fifth Circuit, all served defendants must join in the petition for removal within thirty days of service on the first defendant, and if consent of all served defendants is not timely obtained, the removal is procedurally defective.  *Doe v. Kerwood*, 969 F. 2d 165, 167, 169 (5ᵗʰ Cir. 1992). This "rule of unanimity" requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action"; each defendant does not need to sign the notice of removal to effect removal.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5ᵗʰ Cir. 1988).   A defendant is free to amend a notice of removal within the thirty day period, but once that thirty day period has expired, amendment is not available to cure a substantive defect in removal proceedings.  *Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F. Supp. 198, 201–02 (N.D.

Tex. 1990).   Furthermore, there are also three well-recognized
exceptions to the rule that all defendants must join in the removal
petitions to effect removal:  (1) where the defendant was not yet
served with process at the time the removal petition was filed[6];
(2) where a defendant is merely a nominal, unnecessary or formal
party-defendant[7]; and (3) where the removed claim is a separate and
independent claim under 28 U.S.C. § 1441(c).  *Moody v. Commercial
Ins. Co.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990).

### Plaintiff's Motion to Remand (#7)

In contrast to her Petition, Plaintiff's motion to remand
presents some factual allegations.  Plaintiff states that after she
made her claim under the policy on Allstate, Buckley came to
inspect her property for damages from Hurricane Ike.  Subsequently
Plaintiff called Allstate a number of times to ask about the status
of her claim, but  Allstate responded that it had not yet received

---

[6] *See, e.g., Jones v. Houston ISD*, 979 F.2d 1004, 1007 (5th Cir. 1992).

[7] *See, e.g., Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991).  Whether a party is "'nominal'" for removal purposes depends on "'whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Acosta v. Master Maintenance and Construction, Inc.*, 452 F.3d 373, 379 (5th Cir. 2006), *quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970).  Another exception is where there is improper or fraudulent joinder of a defendant.  *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

Buckley's report.   Around April 1, 2009 Buckley provided an
adjustment summary (Exhibit B), in which Plaintiff claims that he
severely under valued her damages.   Therefore she requested a re-
inspection, which was performed by Defendant Fuller around May 1,
2009, but according to Plaintiff, Fuller did not even climb on her
roof.   Moreover Fuller visited her property at least five times,
stating each time that he would make sure Allstate paid for all of
her damages.   Fuller also asked Plaintiff more than once to go out
on a date with him.   After each of Fuller's visits, Plaintiff
called Allstate to follow up on her claim, but Fuller had not
provided Allstate with a report.   Plaintiff had to call Fuller
numerous times to ask him to provide his report (Exhibit C) to
Allstate before he finally complied.   She claims that Fuller's
report did not include several of the damages that she had
specifically pointed out to Fuller and he underpaid the damages
that he did address.   She claims that Fuller and Buckley deducted
twice her deductible from the amount that she was owed.   She also
maintains that Defendants Allstate, Fuller, and Buckley performed
an outcome-oriented and biased examination, grossly undervalued her
damages, and refused to pay for all that she was owed under the
terms of her policy.

     Plaintiff, who is a citizen of Texas, argues that this Court
lacks subject matter (diversity) jurisdiction because Fuller and
Buckley are domiciled in Texas and because valid causes of action

under Texas law exist against them.  Furthermore, she contends that the removal was procedurally defective because Buckley, though properly served, did not sign the notice of removal which was filed by Allstate on March 1, 2010 and did not file a separate form agreeing to the notice of removal within thirty days.

Plaintiff maintains that Allstate adjusters Fuller and Buckley have been properly joined and that she has valid state-law causes of action against them under the Texas Insurance Code for which they can be held individually liable under § 541.002 ("person" includes insurance adjusters) and Chapter 541, Subchapter A, formerly Article 21.21 (providing a private cause of action against any person that engages in unfair or deceptive acts as provided in section 3 of the Subchapter).  *Garrison Contractors*, 966 S.W. 2d at 486-87 (term "person" as defined in Chapter 541, Subchapter A of the Texas Insurance Code is not limited to insurers and includes individuals and company employees who are engaged in the business of insurance for purposes of imposing liability); *Gasch v. Hartford*, 491 F.3d 278 (5th Cir. 2007)(holding that an adjuster can be held liable under the Texas Insurance Code).  She argues that Allstate has completely failed to meet its burden to present evidence showing that Fuller and Buckley are fraudulently joined in this action.  Plaintiff attaches copies of a number of decisions by courts in the Southern District of Texas in support of her argument.

**Allstate's Response**

Where a defendant has been fraudulently joined, as Allstate claims is the case with Buckley, his consent is not required for removal. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004); *Jernigan v. Ashland Oil Ins.*, 989 F.2d 812, 815 (5th Cir. 1993). The test for improper joinder is whether "there is no reasonable basis for the circuit court to predict that plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Allstate does not contend that it is impossible to maintain a cause of action under Chapter 541 of the Texas Insurance Code against an individual adjuster, but denies there is any possibility of recovery against in-state Defendants Fuller and Buckley based on Plaintiff's Original Petition.

The Court may employ a Rule 12(b)(6) analysis of the complaint to determine if plaintiff states a claim or pierce the pleadings and consider summary judgment type evidence to identify discrete and undisputed facts that would bar recovery by Plaintiff. *Id.* Under Rule 12(b)(6) the plaintiff must provide "[t]he grounds of his entitle[ment] to relief." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).[8] Adequate pleading "[r]equires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, *citing Papasan v.*

---

[8] Allstate points out that Plaintiff fails to cite any authority applying the heightened pleading standards established in *Twombly*.

*Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id., citing* 5 C. Wright & A Miller, *Federal Practice and Procedure* § 1216 at 235-36 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement that merely creates a suspicion [of] a legally cognizable right of action.").  Allstate argues that Plaintiff's Original Petition fails to offer any specific facts to support her claims against the two adjusters, to make the required "[f]actual fit between [her] allegations and the pleaded theory of recovery," but merely recites the statutory language from Chapter 541 of the Texas Insurance Code.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir, 1999).  Allstate contends that repeating statutory language is not the same as pleading actionable facts to which the statute should apply.  Thus Plaintiff has only stated that a cause of action against them is available, as opposed to applicable, and she fails to state a valid claim against the adjusters.  *Id.* at 701-02 (upholding denial of a motion to remand where there were no factual allegations in plaintiff's petition against an agent).

### Court's Decision

There is no allegation here that Plaintiff has fraudulently pleaded jurisdictional facts to improperly join the adjuster

Defendants, so the standard to be applied is whether there is any reasonable possibility that Plaintiff will be able to establish a cause of action against Fuller and Buckley in state court. *Smallwood*, 385 F.3d at 573.   Defendants bear the "heavy" burden of establishing that they were improperly joined.   *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

It is clear that Texas law recognizes causes of action against an insurance adjuster for violations of the Texas Insurance Code, common law fraud, and conspiracy to commit fraud.   *Liberty Mutual Ins. Co. V. Garrison Contractors, Inc.*, 966 S.W. 2d at 484; *Gasch*, 491 F.3d at 282; *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. Civ. A. H-09-1728, 2009 WL 3602043, *2 (S.D. Tex. Oct. 27, 2009)(common law fraud); *Ramos v. Allstate Texas Lloyd's*, No. Civ. A. H-10-938, 2010 WL 2472262 (S.D. Tex. June 15, 2010)(conspiracy to commit fraud).   The Court has indicated that Plaintiff's petition recites only Insurance Code boilerplate and merely tracks statutory language without alleging any specific facts in support of the elements of the claims against these particular adjuster.   While the petition fails to meet the heightened federal pleading requirements under *Iqbal*, the situation is complicated by the fact that

> "Texas follows a 'fair notice' pleading standard, which
> looks to whether the opposing party can ascertain from
> the pleading the nature and basic issues of the
> controversy and what testimony will be relevant at
> trial." *Penley v. C.L. Westbrook*, 146 S.W. 3d 220, 232
> (Tex. App.--Fort Worth 2004 (citing *Horizon/CMS*

-17-

*Healthcare Corp. v. Auld*, 34 S.W. 3d 887, 896 (Tex. 2000)), [*rev'd on other grounds*, 231 S.W. 3d 389 (Tex. 2007)].   "The test of the 'fair notice' pleading requirement is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain [the] nature and basic issues of controversy and testimony probably relevant." *City of Alamo v. Casas*, 960 S.W. 2s 240, 251 (Tex. App.--Corpus Christi 1997, pet. denied).   "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader basis his claim." *Auld*, 34 S.W. 3d at 897.   A party's pleadings are to be construed liberally in favor of the pleader. *Id.*

*KIW, Inc. v. Zurich American Ins. Co.*, No. Civ. A. H-05-3240, 2005 WL 3434977, *3 (S.D. Tex. Dec. 14, 2005)(concluding that while the factual allegations in the petition were generic and minimal, the pleading met Texas' fair notice pleading standard and that as a matter of law all the asserted causes of action could be brought against an insurance agent defendant).   *See also Urquilla v. Allstate Texas Lloyd's*, No. Civ. A. No. H-10-648, 2010 WL 3447591, *2-3 (S.D. Tex. Aug. 30, 2010)(citing *KIW* and holding that Plaintiff's allegations stated a claim under state law against a non-diverse defendant even though they only alleged the technical elements of a cause of action without factual support; concluding that the claims, if proven, created the reasonable possibility that Plaintiffs could prevail on these claims and thus there was no improper joinder).

Because the petition at the time of the removal controls, it would be unfair to require a plaintiff in state court to predict removal and to impose federal standards where plaintiff satisfies

state pleading standards.

On the other hand, however, when the issue to be decided is whether an individual has been improperly joined in order to defeat diversity, and the Court considers, in this light, whether the factual allegations give fair and adequate notice of a claim, the facts pled become crucial.  If Plaintiff merely names a non-diverse individual as a party and recites the words of the statute without pointing out facts that establish the claim, the paucity of factual allegations leads to the conclusion that the non-diverse individual has been named merely to defeat diversity.

Here Plaintiffs have not pleaded factual support for the claims they assert, but which are legally cognizable under Texas law, if proven, against Defendant adjusters Fuller and Buckley.

Accordingly the Court

ORDERS that Plaintiff's motion to remand is DENIED.

**SIGNED** at Houston, Texas, this 20th  day of January , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE